**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 14, 2015**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENH CIRCUIT**

---

DEAN CRAFT,

        Plaintiff - Appellant,

v.

PHILADELPHIA INDEMNITY
INSURANCE COMPANY, a foreign
corporation,

        Defendant - Appellee.

No. 13-1209
(D.C. No. 1:13-CV-00448-RPM)
(D. of Colo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **BRISCOE**, Chief Judge[**], **TYMKOVICH**, and **MATHESON**, Circuit
Judges.

---

This case is again before us following the Colorado Supreme Court's ruling

on questions certified to it concerning issues of state law.  For the reasons stated

by the Supreme Court, we now AFFIRM the judgment of the district court.

---

    [*] This order and judgment is not binding precedent except under the
doctrines of law of the case, res judicata and collateral estoppel.  It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

    [**] In accord with our order dated March 2, 2015, Chief Judge Mary Beck
Briscoe was randomly assigned to succeed Judge William J. Holloway, Jr. on this
panel.

The facts underlying this appeal are recounted in detail in our certification order, so we limit our recitation here to a summary of key facts. *See Craft v. Phila. Indem. Ins. Co.*, 560 F. App'x 710, 711 (10th Cir. 2014). Dean Craft sued his insurer, Philadelphia Indemnity Insurance Company, after it denied his claim for reimbursement of costs stemming from a suit against him in his capacity as an officer of a company. The policy issued by Philadelphia Indemnity provided liability coverage to officers and directors, but required the insured to comply with two notice requirements: a prompt notice requirement—to give notice "as soon as practicable" after the insured learned of a claim—and a date-certain notice requirement—to give notice "not later than 60 days" after the policy expired. Craft, unaware of the policy's existence, did not notify Philadelphia Indemnity of the claim until more than a year after the policy period had expired.

The district court granted Philadelphia Indemnity's motion to dismiss the suit for failure to provide timely notice. In doing so, the district court rejected Craft's argument that he should receive the benefit of Colorado's notice-prejudice rule for liability insurance policies, which provides that "late notice does not result in loss of coverage benefits unless the insurer proves prejudice to its interests by a preponderance of the evidence." *Friedland v. Travelers Indem. Co.*, 105 P.3d 639, 643 (Colo. 2005). The court held as a matter of law that the rule

extends to occurrence policies but not to claims-made policies such as the one issued by Philadelphia Indemnity.[1]

Recognizing that the Colorado Supreme Court had never had the occasion to clarify the reach of its notice-prejudice rule, we certified the following questions to the court: (1) whether Colorado's notice-prejudice rule applies to claims-made liability insurance policies, and (2) if so, whether the rule applies to both types of notice requirements—that is, both the prompt notice and date-certain requirements—in those policies. *See Craft*, 560 F. App'x at 715.

Before the Supreme Court, the parties agreed that the policy's prompt notice requirement was not at issue. The court thus narrowed its focus to "whether the notice-prejudice rule applies to the date-certain notice requirement of a claims-made policy." *Craft v. Phila. Indem. Ins. Co.*, 343 P.3d 951, 954 (Colo. 2015). The court answered in the negative, holding that the rule does not apply to a date-certain notice requirement in a claims-made insurance policy.

---

[1] An "occurrence" policy is a "policy that provides liability coverage only for injury or damage that occurs during the policy term, regardless of when the claim is actually made." *Craft v. Phila. Indem. Ins. Co.*, 343 P.3d 951, 957 (Colo. 2015) (quoting 3 Colo. Code Regs. § 702–5:5–1–8 (2014)). A "claims-made" policy is a "policy that provides coverage only if a claim is made during the policy period or any applicable extended reporting period." *Id.* (quoting 3 Colo. Code Regs. § 702–5:5–1–8 (2014)).

Because Craft's was a claims-made policy and he gave notice of his claim far past the policy's sixty-day date-certain notice requirement, the Supreme Court's ruling requires that we AFFIRM the district court's dismissal.

ENTERED FOR THE COURT

Timothy M. Tymkovich
Circuit Judge